WILLARD KENT ET AL. v. SHICKLE, HARRISON & HOW-
ARD IRON COMPANY ET AL.

FILED OCTOBER 16, 1894. No. 5683.

**Sheriff's Commission on Execution Sale.** Where, on a
sheriff's sale of real property, a check of the purchaser has been
received and used by the sheriff with the assent of all parties
concerned, the commission of the sheriff will not be denied sim-
ply because, technically speaking, no money was received or dis-
bursed by him.

ERROR from the district court of Saline county. Tried
below before HASTINGS, J.

*J. R. Webster*, for plaintiffs in error.

*M. H. Fleming, contra.*

RYAN, C.

The proceeding, from which error is taken to this court,
was the ruling of the district court of Saline county on a
motion to retax costs. The motion was sustained as to a
part of the items and overruled as to the commission of the
sheriff, and to review the ruling last named the case is
brought into this court. A decree was rendered in the
original case, which was entitled "The Shickle, Harrison
& Howard Iron Company v. Willard Kent et al.," includ-
ing John R. Johnston and George D. Stevens. The
Shickle, Harrison & Howard Iron Company had a judg-
ment against Willard Kent and Horace G. H. Tarr for the
enforcement of a lien against the real property afterwards
sold for the sum of $14,977.39; Zephania Waterman, a
like judgment and decree for the sum of $708.68; John
Hawk, a like judgment and decree for the sum of $323.69;
all of which parties had equal priority. The lien second
in priority and subject to those above was that of the Crete

Improvement & Investment Company, John R. Johnston, and George D. Stevens for the sum of $15,393.75. On the order of sale issued for the satisfaction of the above liens, the property was sold to John R. Johnston and George D. Stevens for the sum of $30,000. These matters appear from a certified copy of the decree, order of sale, and return of the sheriff thereon. In the itemized bill attached to the sheriff's return he taxed for commission on sale the sum of $240.27. The sole ground on which the payment of this commission is resisted appears in the affidavit of J. R. Webster, introduced in evidence and considered in the district court on the motion to retax costs. In this affidavit the only facts pertinent to our present inquiry were stated in the following language: "The sale was made to John R. Johnston and George D. Stevens, to whom, with the Crete Investment Company, the second lien on the property was payable, and they never paid to the sheriff any money, but the purchasers, John R. Johnston and George D. Stevens, merely gave, April 19, 1892, the day of sale, a check of $10,000 to the sheriff, and no more, and the sheriff never reduced the same to money but returned the same to them that day, and the parties interested settled with the clerk and between themselves and not through the sheriff, who neither received nor disbursed any money in or about the business of said sale."

The contention of the plaintiff in error is that the sheriff, under the statute, was entitled to collect no commission because of the showing of facts above made and not contradicted. Section 5, chapter 28, Compiled Statutes, fixes the fees of the sheriff, who thereby is allowed " commission on all money received and disbursed by him on execution, or order of sale, order of attachment, decree, or on sale of real or personal property, shall be for each dollar not exceeding four hundred dollars, three cents; for every dollar above four hundred dollars and not exceeding one thousand dollars, two cents; for every dollar above one thousand

dollars, one cent." In section 10 of the same chapter it is provided that "in all cases in the district or supreme court, when persons, in whose favor the execution or order of sale is issued, shall bid in the property sold on execution or decree, the sheriff or master making such sale shall receive five dollars as his per cent on such sale, and no more." The criticism of the commission charged seems to be largely based upon the fact that payment was made of the $10,000, not by the use of money, but by a check of Johnston and Stevens. We are of the opinion that as none of the parties to the sale made any objection to the medium of payment of this $10,000, that it cannot now be insisted, merely for the purpose of retaxing costs, that such payment never was in fact made. It is not contended that the bid was satisfied by receipting for a certain amount on the execution, but it is insisted that payment by a check is covered by the proviso "where any money is received or disbursed." As the check in question was received and disbursed as money between the parties concerned, and for all purposes performed every function that money could have done, it cannot now properly be insisted that the sheriff should not be allowed his commission for receiving and disbursing the amount evidenced by the check. In this connection it may be remarked that the property was not bidden in by a party in whose favor the order of sale issued, for, so far as the second lien is concerned, it was in favor of Johnston and Stevens and the Crete Improvement & Investment Company, while the bid itself was in favor of Johnston and Stevens alone. From the affidavit it seems quite clear that it was necessary that payment of the bid should be made in some form, and, accordingly, a check was drawn by Johnston and Stevens in favor of the sheriff. We conclude, therefore, that the judgment of the district court was right, and it is

AFFIRMED.